UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM S.,[1]

        Plaintiff,

    v.                                                                    1:20-CV-544 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## DECISION AND ORDER

Plaintiff William S. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 14. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 16. Plaintiff replied. Dkt. 17.

For the reasons below, the Court grants Plaintiff's motion in part and denies the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On January 22, 2017,[2] Plaintiff applied for benefits under the Act, first alleging disability beginning on June 20, 2016.[3] Tr. 200. He later amended the alleged onset date to February 13, 2018. Tr. 266. Plaintiff's application was initially denied by the Social Security Administration on July 17, 2017. Tr. 100. Plaintiff then filed a written request for a hearing, Tr. 107, which took place before an Administrative Law Judge ("ALJ") on February 19, 2019. Tr. 59-88. The ALJ issued a written decision to Plaintiff on April 25, 2019, Tr. 15-21, denying his claim. The Appeals Council denied Plaintiff's request for review on March 3, 2020. Tr. 1-4. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I.   District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the

---

[2] All references to the administrative transcript (Dkt. 11) are denoted "Tr. ____." Page numbers for documents contained the transcript correspond to the pagination located in the lower right corner of each page.

[3] "To be entitled to disability insurance benefits ['DIB'], claimants must demonstrate that they became disabled while they met the Act's insured status requirements." *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d Cir. 2019), as amended (Apr. 30, 2019) (citing 42 U.S.C. § 423(a)(1)(A),(c)(1). The Social Security Administration uses the same five-step evaluation process to determine eligibility for both DIB and Social Security Income ("SSI") programs under the Act. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

claimant has had a full hearing under the . . . regulations and in accordance with
the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d
108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).
Second, the Court "decide[s] whether the determination is supported by 'substantial
evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such
relevant evidence as a reasonable mind might accept as adequate to support a
conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations
and citations omitted). The Court does not "determine *de novo* whether [the
claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal
quotations and citations omitted). But "the deferential standard of review for
substantial evidence does not apply to the Commissioner's conclusions of law."
*Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis
for doubt whether the ALJ applied correct legal principles" exists, applying the
substantial evidence standard to uphold a finding that the claimant was not
disabled "creates an unacceptable risk that a claimant will be deprived of the right
to have his disability determination made according to correct legal principles."
*Johnson*, 817 F.2d at 986.

## II.   Disability Determination

An ALJ evaluates disability claims through a five-step process established by
the Social Security Administration to determine if a claimant is disabled. *See* 20
C.F.R. § 404.1520(a)(2). At the first step, the ALJ determines whether the claimant

3

currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv); (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments— both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* §404.1545. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 404.1520(e). If the claimant can perform past relevant work, he is not disabled and the analysis ends. *Id.* § 404.1520(f). But

if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 404.1520(a)(4)(iv).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 404.1520(a)(4)(v), (g); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I.  The ALJ's decision

The ALJ first found that Plaintiff met the Act's insured status requirements through December 31, 2021. Tr. 13. The ALJ then proceeded through the sequential evaluation process discussed above.

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since February 13, 2018. *Id.* At step two, the ALJ determined Plaintiff had the following severe impairments: "migraines, left carpal tunnel syndrome, obstructive sleep apnea, and hearing loss." *Id.* She also found that Plaintiff had non-severe "kidney cancer, in remission; aneurysms; and obesity" as well as anxiety and depression, none of which caused more than minimal limitations. Tr. 13-14. At step three, the ALJ found that none of Plaintiff's

5

limitations met or equaled a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App.

1. Tr. 15. In making this determination, the ALJ considered the following listings:

11.02 Epilepsy, 3.09 Chronic pulmonary hypertension, 4.02 Chronic heart failure,

12.02 Neurocognitive disorders, and 2.10 Hearing loss not treated with cochlear

implantation. *Id.*

   At step four, the ALJ determined Plaintiff had the RFC to perform medium

work defined in 20 C.F.R. § 404.1567(c) with the following exceptions: Plaintiff "can

frequently handle, finger, and feel with the left hand; he can never work at

unprotected heights or with moving mechanical parts; he can only work in moderate

noise; and if the use of a telephone required [sic], he needs to be able to use a

headset with adjustable volume." Tr. 16.

   At the final step, the ALJ found that Plaintiff was unable to perform any past

relevant work. Tr. 19. The ALJ determined, however, that Plaintiff was able to

perform the requirements of other occupations in the national economy. Tr. 20-

21. As such, the ALJ concluded that Plaintiff was not disabled. Tr. 21.

## II.   Analysis

   Plaintiff makes three developed arguments in support of his motion. Dkt. 14.

First, he contends that the ALJ did not consider his "neurocognitive limitations or

tremors." Dkt. 14-1 at 21. Second, Plaintiff argues the ALJ erred in considering his

severe migraines and obstructive sleep apnea in formulating the RFC. *Id.* at 23.

Third, he alleges the ALJ erred in relying on stale opinion evidence regarding his

carpal tunnel syndrome and obstructive sleep apnea. *Id.* at 26.

For the reasons set forth below, Plaintiff's second and third arguments have merit and, as such, his motion is granted in part.

### A. The ALJ improperly evaluated Plaintiff's severe migraines and obstructive sleep apnea in formulating the RFC.

In formulating a claimant's RFC, an ALJ need not recite every piece of evidence supporting her decision, so long as the record "permits [the reviewing court] to glean the rationale of an ALJ's decision." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983). Where there is conflicting evidence in the record, it is within the discretion of the ALJ to consider such contradictions. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (the ALJ may resolve conflicting evidence between consultative examination findings and consultative physician's conclusions). Moreover, where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity[,]" the ALJ may not adopt the opinion of a claimant's medical source in formulating the RFC. *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)

Here, the ALJ found that Plaintiff suffers from severe migraines and obstructive sleep apnea that "significantly limit [his] ability to perform basic work activities." Tr. 13. The only related limitations she adopted in his RFC, however, were to restrict work "at unprotected heights or with moving mechanical parts due to daytime sleepiness." Tr. 18.

In the RFC analysis, the ALJ cited treatment records, Tr. 1059-62, 1099-1107, 1153-75; and Plaintiff's own statements, Tr. 72-88, 219-29; concluding that "the claimant's migraines were consistently found to be well[-]controlled with

medication," Tr. 17.  In the same section regarding Plaintiff's obstructive sleep apnea, the ALJ cited a December 2018 assessment for "excessive daytime sleepiness" and a polysomnogram indicating severe obstructive sleep apnea.  Tr. 18 (citing Tr. 1140-52).  The ALJ connected these records to the specific RFC limitations by stating only that Plaintiff would "need to avoid work at unprotected heights or with moving mechanical parts due to daytime sleepiness caused by obstructive sleep apnea and side effects of his migraine medications to prevent injury."  Tr. 18.

The ALJ also failed to cite any medical opinion evidence in support of the specific RFC limitations stemming from these impairments.  None of the opinions that the ALJ considered discussed Plaintiff's obstructive sleep apnea.  One opinion referenced Plaintiff's migraines but did not draw any related conclusions.  *See* Tr. 513-16 (consultative opinion of Hongbiao Liu, M.D., which contained Plaintiff's own reports of "constant headaches, and headache episodes occurring three times a week in the whole head, at a pain level of 10/10," but no objective medical findings regarding Plaintiff's migraines).  What is more, the ALJ noted that each of the opinions on Plaintiff's physical limitations failed to consider these impairments. *See* Tr. 18 (noting Dr. Liu's opinion "does not account for claimant's carpal tunnel syndrome and obstructive sleep apnea . . . the claimant had not yet been diagnosed with these impairments at the time"), Tr. 19 (state agency consultant's opinion warranted little weight because it "fails to account for the claimant's carpal tunnel syndrome, obstructive sleep apnea, or migraines"), *id.* (in giving partial weight to a

state agent's consulting opinion the ALJ noted "the claimant had not been diagnosed with carpal tunnel syndrome or obstructive sleep apnea at the time the opinion was issued and has accounted for these limitations in the [RFC]").

The Commissioner argues that the ALJ is not required "to credit at least one medical opinion, even if the only medical opinions of record contradict the record at large." Dkt. 16-1 at 27.  The Court agrees that the ALJ is not required to defer to any one opinion in formulating the RFC, particularly if such an opinion is unsupported by other substantial evidence in the record.  *See Schillo v. Kijakazi*, No. 20-3943-CV, 2022 WL 1020381, at *9 (2d Cir. Apr. 6, 2022) (adopting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (holding that an ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in his decision" because the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole"); *see also* 20 C.F.R. § 404.1527(c).

Remand is appropriate, however, "where, as here, [the court is] unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision."  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir.1982) (internal quotations omitted).  "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence . . . The adjudicator must also explain how any material

inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8P, 1996 WL 374184, at *7.

The ALJ gave examples of conflicting evidence from Plaintiff's treatment records in her RFC analysis without an accompanying explanation of how she reconciled those conflicts. *See* Tr. 17-18 (ALJ's cites to treatment records for Plaintiff's migraines) (citing *id.* at 513 (Dr. Liu's report documenting Plaintiff's complaints of "constant headache" with "episodes three times a week"), *id.* at 1059 (physician's report that Plaintiff's migraine "baseline [] is about four or five a month"), *id.* at 1099 ("history of chronic migraine headaches which are under control"), *id.* at 1155 ("At this time his headaches are under good control"), and *id.* at 1160, 1161 (Plaintiff "continues to have a fair amount of headaches" and medication dosage was increased to "help with his chronic headaches")). And because none of the opinions she cited opined on these impairments, the ALJ's weight assignments did not clarify her reasoning.

The ALJ made no attempt to resolve the conflicts in evidence or to explain her reasoning, thus failing to provide "an adequate basis for meaningful judicial review." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Accordingly, remand is appropriate so that the ALJ can reconsider Plaintiff's RFC after more thoroughly assessing the evidence in the record regardless of the ultimate outcome.

### B. The ALJ erred in failing to obtain an assessment of Plaintiff's functional limitations stemming from carpal tunnel syndrome and obstructive sleep apnea.

Plaintiff argues that the ALJ improperly relied on opinion evidence rendered before he was diagnosed with obstructive sleep apnea and carpal tunnel syndrome

and, thus, the ALJ must "recontact Plaintiff's treating physician's before relying on ambiguities in the record to Plaintiff's detriment." Dkt. 14-1 at 28.

Remand for further development of the record "is not always required when an ALJ fails in [her] duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi*, 521 F. App'x. at 34. Where, as here, the evidence in the "record is insufficient or inconsistent, [the ALJ] may need to take additional actions" to reach a resolution. *See* 20 C.F.R. § 404.1520b(a); *see also id.* § 404.1520b(b)(2) (evidence is insufficient "when it does not contain all the information [the ALJ] need[s] to make [a] determination or decision").

Here, the record lacked a functional assessment of Plaintiff's limitations related to carpal tunnel and obstructive sleep apnea creating an "obvious gap" that the ALJ was obligated to fill. *See Rosa*, 168 F.3d at 79 n.5; *see also Guillen v. Berryhill*, 697 F. App'x 107, 109 (2d Cir. 2017) (remand to develop the record where the treatment records alone offered "no insight into how [the claimant's] impairments affect or do not affect her ability to work, or [the claimant's] ability to undertake her activities of everyday life" and, thus, were an insufficient evidentiary basis for the ALJ's determination). The ALJ was aware of this gap and noted that every medical opinion of Plaintiff's physical limitations failed to "account for the claimant's carpal tunnel syndrome and obstructive sleep apnea . . . [because] the claimant had not yet been diagnosed with these impairments at the time." Tr. 18, 19. This should have triggered her duty to develop the record by recontacting one or

11

more of Plaintiff's medical sources or ordering a consultative examination. *See* 20 C.F.R. § 404.1520b(b)(2)(i), (iii). Accordingly, remand for "further findings . . . to help to assure the proper disposition of [the] claim" is appropriate in this case. *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), as amended in part, 416 F.3d 101 (2d Cir. 2005).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (Dkt. 14) is **GRANTED** in part, and the Commissioner's cross-motion for judgment on the pleadings (Dkt. 16) is **DENIED**.  The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this opinion.


SO ORDERED.

Dated:      April 27, 2022
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE